Paul J. Mansdorf, Trustee
1563 Solano Ave. #703
Berkeley, CA 94707
(510) 526 5993
mansdorftrustee@sbcglobal.net

# UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

In re:

                                      Case No. 08-41603 NM

PAUL THOMAS ORWIG

      Debtor.
_____/

**DECLARATION OF PAUL J. MANSDORF IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION TO REOPEN CASE**
_____

I, Paul J. Mansdorf, declare:

1) I was the Chapter 7 Trustee in the above captioned case. I filed a Report of No Distribution on or about May 7, 2008.

2) On or about November 24, 2010, I heard from a defense firm regarding the case ORWIG, et al, v. SECURICORP, et al., San Francisco Superior Court Case CGC 09492751. The case apparently arises from employment discrimination and related matters, for a wholly pre-petition period.

3) The debtor filed his case on April 4, 2008. The initial §341 was held and concluded on May 7, 2008. Nothing in the Schedules and Statement of Financial Affairs indicate that such a proceeding was pending, or was even a possible claim. [See, e.g., Schedule B and Statement of Financial Affairs, Item 4.]

4) The debtor also produced a "Bankruptcy Questionnaire to me prior to the §341

Meeting. Nothing contained therein, signed under penalty of perjury, indicates debtor had any such proceeding pending or any possible additional property rights. The debtor replied "NO" to the following questions: 11. Do you have claims against anyone that is not listed in the petition and schedules? 12. Have you filed or have reason to file a lawsuit against anyone for any reason? At no time during case pendency did debtor amend his schedules. The case closed on July 8, 2008. At no time since that time did debtor move to reopen the case to schedule the asset for possible administration.

    5) Further case administration appears to be warranted because a trustee must investigate and evaluate the omitted claim, which may create an asset available for estate distribution.

    6) As described above, the asset was not scheduled.

    7) A trustee should be appointed to administer this asset for the benefit of creditors.

    I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 29, 2010 at Berkeley, California.

                                              Paul J. Mansdorf
                                              Paul J. Mansdorf